UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEOPOLD KLEYNZINGER,<br><br>Plaintiff,<br><br>v.<br><br>SOCIAL SECURITY ADMINISTRATION,<br><br>Defendant. | Case No. 22-cv-01583-AGT<br><br>**SCREENING ORDER** |

Having granted Leopold Kleynzinger's application to proceed in forma pauperis, *see* Dkt. 8, the undersigned now screens his complaint under 28 U.S.C. § 1915(e)(2)(B).

Kleynzinger brings this case against the Social Security Administration (SSA), asserting two claims, captioned "misrepresentation – distortion of my last name" and "misrepresentation – distortion of my address." *See* Dkt. 1 at 12–13. Kleynzinger's allegations are largely incomprehensible, but from what the Court can discern, the gist of his claims appears to be that the Social Security Administration denied his request to correct his "official residency (address)" to his "actual residency" and "distorted" his last name on two "ID cards" issued in 1990 and 2007, and that somehow these actions amount to "abuse" and a "violation of human rights" for which Kleynzinger seeks to "restore justice." *See id.* at 4–8, 14. These allegations fall far short of stating a cognizable claim for relief.

Even assuming the complaint did set forth coherent factual allegations in support of a viable claim, it names the Social Security Administration—a federal agency—as the sole defendant. Absent an express waiver, the United States and its agencies are immune from suit under the doctrine of sovereign immunity. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("It is axiomatic that the United States may not be sued without its consent and that the existence of

consent is a prerequisite for jurisdiction."). A waiver of sovereign immunity "must be unequivocally expressed," and "is to be strictly construed, in terms of its scope, in favor of the sovereign." *Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1088 (9th Cir. 2007) (citation omitted). As the party attempting to sue a federal agency, Kleynzinger "must demonstrate that the claim being asserted is covered by a specific statutory authorization to sue the United States." *Weber v. Dep't of Veterans Affs.*, 521 F.3d 1061, 1065 (9th Cir. 2008). He has not met that burden. Unless Kleynzinger can identify an "unequivocally expressed waiver of sovereign immunity" that authorizes this action, his claims cannot move forward and must be dismissed for lack of jurisdiction. *Dunn & Black*, 492 F.3d at 1088; *see also Tobar v. United States*, 639 F.3d 1191, 1195 (9th Cir. 2011) ("The waiver of sovereign immunity is a prerequisite to federal-court jurisdiction.").

Kleynzinger may file an amended complaint by November 14, 2022. If he does not, or if his amended complaint does not establish a viable claim for relief along with an express waiver of sovereign immunity, the undersigned will recommend that a district judge dismiss his case. All deadlines in this case are vacated and the Clerk of the Court is instructed not to issue a summons or to serve Kleynzinger's complaint.

**IT IS SO ORDERED.**

Dated: October 14, 2022

ALEX G. TSE
United States Magistrate Judge